UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICHOLAS G. PEACOCK,

    Plaintiff,

v.                                  Case No. 3:17cv794-LC-CJK

BOB JOHNSON, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 14). The matter is referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the undersigned concludes that the complaint should be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

BACKGROUND

Plaintiff is a federal inmate confined at the United States Penitentiary in Atlanta, Georgia, having been sentenced by this court on April 17, 2018, to 328 months' imprisonment followed by supervised release for life. *See United States of America v. Nicholas G. Peacock*, Case No. 3:16cr54-MCR, Doc. 110 (judgment);

*see also* https://www.bop.gov (Federal Bureau of Prison's website, accessed June 5, 2018, reflecting plaintiff's confinement location as USP Atlanta); http://portal.srso.net/smartweb/jail.aspx (Santa Rosa County Jail View reflecting plaintiff's release from the Santa Rosa County Jail on May 16, 2018). Plaintiff is suing the Santa Rosa County Sheriff's Office, claiming he was subjected to unconstitutional conditions of confinement during his pre-trial detention at the Santa Rosa County Jail. (Doc. 14). Plaintiff's second amended complaint names one defendant – the Sheriff's Office – and chronicles the following incidents that occurred over a roughly 18-month period: (1) on August 20, 2016, and October 9, 2016, plaintiff requested "legal paperwork" from his property locker and, although Deputy Jarvis claimed he gave it to plaintiff, plaintiff never received it; (2) in October 2016, Officer Blankenship "assaulted" plaintiff by intentionally knocking over his paper cups filled with water (plaintiff's "rain cups"), causing water to splash on plaintiff's face; (3) on March 22, 2017, plaintiff's "legal papers" memorializing Officer Blankenship's "assault" with the paper cups disappeared; (4) on March 22, 2017, Officer DeVaney grabbed plaintiff's arm and "forcibly" shoved him into a cell; (5) on March 22, 2017, plaintiff was placed in a "filthy" cell in the medical wing for one night, where he "ended up sleeping beside a huge pile of food trash"; (6) on April 24, 2017, a private psychologist, Dr. Spoerl, who was hired to evaluate

plaintiff's competency, took 7-8 pages of plaintiff's diary to photocopy them, but never returned the pages; (7) from June 30, 2017, through July 11, 2017, plaintiff was on suicide watch "due to certain events and mental issues," and was not given a shower for 9 days, was forced to wear a paper sheath which tore easily and was changed out only every 3-4 days, and was confined in a cell so cold he could not sleep; (8) on July 7, 2017, after plaintiff attempted to knock himself out by hitting his head against the wall, plaintiff was deprived of a mattress for 1 night; (9) on various dates, Officers Tift, Sprinkle, Russ, and two others "mocked" plaintiff; and (10) throughout his pre-trial confinement, plaintiff did not have access to a "full legal library". Plaintiff claims the foregoing occurrences deprived him of his constitutional rights to due process, to be secure in his person and effects, to be free from cruel and unusual punishment, and to access the courts. As relief, plaintiff seeks $1,080,000.00 for "emotional pain and mental anguish". Plaintiff arrives at this figure by multiplying 27 years (the length of his federal prison sentence) by $40,000.00 (his estimate of the annual cost, to the Government, of incarcerating him). (Doc. 14).

Because plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may

be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that is, "across the line from conceivable to plausible." *Id.* at 570. As the Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual

allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In determining whether the complaint states a plausible claim for relief, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir. 1994). Mere "labels and conclusions", however, are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). Similarly, a pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003);

*see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)). The conditions under which pretrial detainees are held are reviewed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause applicable to convicted prisoners. *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). This Circuit historically has treated convicted prisoners' Eighth Amendment claims and pretrial detainees' Fourteenth Amendment claims identically. *See, e.g., Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014) (stating that "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments" (quotation omitted)).[1]

---

[1] In *Kingsley v. Hendrickson*, the Supreme Court stated that the language of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause "differs, and the nature of the claims often differ." 135 S. Ct. 2466, 2473-76 (2015) (adopting a different test to evaluate pretrial detainees' excessive-force claims than the test used to evaluate convicted prisoners' excessive-force claims). The Eleventh Circuit recently stated, however, that *Kingsley* "is not squarely on point with and does not actually abrogate or directly

Case No. 3:17cv794-LC-CJK

A detainee or prisoner claiming that the conditions of his confinement are unconstitutional must show (1) a condition of confinement that inflicted unnecessary pain or suffering, (2) the defendant's deliberate indifference to the condition, and (3) causation. *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). Deliberate indifference, in turn, has three elements: (1) the defendant's subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than gross negligence. *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010). The evidence must demonstrate that, "with knowledge of the infirm conditions, the official knowingly or recklessly declined to take actions that would have improved the conditions." *Id*. (alteration and quotation omitted).

Plaintiff's second amended complaint joins all of his claims into a single cause of action naming one defendant: the Santa Rosa County Sheriff's Office. A viable § 1983 claim requires that the named defendant be an entity that is subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is determined by the law of the state in which the district court sits. *Id*. at 1214-15. "Florida law has not established sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x

---

conflict with" precedent outside of the context of an excessive-force claim. *See Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (quotations omitted).

696, 700-701 (11th Cir. July 22, 2013) (*citing Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law)). Because the Santa Rosa County Sheriff's Office is not a legal entity with the capacity to be sued, plaintiff's suit against the Sheriff's Office must be dismissed.

Plaintiff's second amended complaint also lists Sheriff Bob Johnson in the caption, but, according to plaintiff, this is purely for purposes of serving the complaint. Referring to the court's March 13, 2018, amend order where plaintiff was advised that "'supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability'" (doc. 12, p. 4 (*quoting Cottone*, 326 F.3d at 1360)), plaintiff explains:

> I was naming Sheriff Bob Johnson as a defendant in this lawsuit not because he was responsible in a supervisory role as pertaining to Respondeat superior, but because he is the C.E.O. of Santa Rosa Sheriff's Office, therefore, not only is he responsible for the happenings at Santa Rosa Sheriff's Department, but also because Federal Rule of Civil Procedure 4(j). . . . I am listing Sheriff Bob Johnson – he is acting in capacity as Santa Rosa Sheriff Department's chief executive officer, and as such, is responsible for any offenses committed within this facility, and he is required to answer these charges in his official capacity as C.E.O. on behalf of Santa Rosa Sheriff's Department.

(Doc. 14, p. 6); *see also* Fed. R. Civ. P. 4(j)(2) (providing, in relevant part, that service on a local government is effected by delivering a copy of the summons and complaint to its chief executive officer).

As plaintiff acknowledges, his allegations do not state – or intend to state – a facially plausible individual capacity claim against Sheriff Johnson.  Plaintiff does not allege that Johnson "either directly participated in the unconstitutional conduct or that a causal connection exists between [Johnson's] actions and the alleged constitutional violation."  *Keith*, 749 F.3d 1047-48; *see also Cottone*, 326 F.3d at 1360.

Plaintiff's allegations also fail to state a facially plausible official capacity claim against Johnson.  "[A] suit against a governmental official in his official capacity is deemed a suit against the entity that he represents."  *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) (holding that an official capacity suit is simply "another way of pleading an action against an entity of which an officer is an agent.").  To establish liability against Johnson in his official capacity, plaintiff must prove he suffered a constitutional deprivation as the result of: (1) an action taken or policy made by Johnson, or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by Johnson.  *See Goodman v. Kimbrough*,

718 F.3d 1325, 1335 (11th Cir. 2013). Demonstrating a policy or custom generally requires the plaintiff "to show a persistent and wide-spread practice." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (internal quotation marks omitted). Plaintiff does not identify – much less provide specific facts about – any policy adopted by Sheriff Johnson or other final policymaker of Santa Rosa County that caused the alleged constitutional deprivations. Despite receiving the opportunity to amend his complaint, as well as instruction on his first amended complaint's legal deficiencies, plaintiff fails to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.[2]

As a final note, even if plaintiff stated a facially plausible § 1983 claim against the Sheriff, the County, or an individual officer, he is barred from recovering the damages he seeks. The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v.*

---

[2] Plaintiff's first amended complaint named as defendants Sheriff Johnson, Dr. Spoerl, Officer DeVaney and Officer Blankenship. (Doc. 4). Plaintiff's allegations did not then, nor do they now, state facially plausible § 1983 claims against any of these defendants. (*See* Doc. 12).

Case No. 3:17cv794-LC-CJK

*Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the alleged constitutional deprivations occurred while plaintiff was in custody. Plaintiff, however, identifies no physical injury arising from the alleged conditions of his pre-trial confinement. Plaintiff's failure to satisfy § 1997e(e)'s physical injury requirement warrants dismissal of his damages claim. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000))). Even injunctive relief would be unavailable due to plaintiff's transfer from the county jail to federal prison. *See Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (holding that transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

Accordingly, it is ORDERED:

The clerk shall update the docket to reflect plaintiff's current address: Nicholas G. Peacock, Register No. 33354-057, USP Atlanta, U.S. Penitentiary, P.O. Box. 150160, Atlanta, GA 30315.

And, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of June, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.